# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

No. 22-912V

**(Not to be Published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARGARET REAGAN,

    Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: January 17, 2023

Involuntary Dismissal; Failure to Comply with Court Orders; Failure to Prosecute; Rule 21(b).

**DECISION DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE[1]**

### I.   Procedural History

On August 16, 2022, Margaret Reagan ("Petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] alleging that she suffered a heart attack and developed symptoms of arthritis as a result of the hepatitis A vaccine she received on August 13, 2019.  Pet. at 1, ECF No. 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").  Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner also filed a Motion for Leave to Proceed *in forma pauperis* on August 16, 2022. ECF No. 2. In it, Petitioner reported that she and her spouse have a combined annual income of $97,742 and a total of $3,000 cash on hand. *Id.* at 2.

On August 30, 2022, I held an initial status conference with Petitioner where we discussed her motion to proceed *in forma pauperis*. I informed Petitioner that because her annual income is well in excess of the federal poverty level, I was not able to grant her motion. Petitioner indicated that an attorney was reviewing her medical records and she asked for two weeks to file a status report updating the Court on her efforts to secure legal representation. I granted her request and informed her that, if she did not secure representation by September 13, 2022, I would order her to pay the filing fee. ECF No. 11 at 2.

On September 12, 2022, Petitioner provided an update via email regarding her efforts to secure legal representation. Petitioner stated that an attorney had reviewed her medical records and declined to take her case. Accordingly, I formally denied her motion to proceed *in forma pauperis* and ordered Petitioner to pay the filing fee by September 27, 2022. I further ordered her to file a status report by November 14, 2022, with an update on her efforts to secure representation. ECF No. 12.

On September 25, 2022, Petitioner provided another update via email regarding her efforts to secure legal representation. She indicated that the firm of Walch, Roberts, and Grace was reviewing her case and requested another 30 days to pay the filing fee. I granted her request, extending the deadline to pay the filing fee until October 27, 2022. ECF No. 14.

Petitioner provided a third update via email on October 27, 2022, informing the Court that she was still having difficulty finding an attorney. She asked whether it was possible to proceed with her claim without representation and how difficult it would be. I held a status conference on November 2, 2022. During the status conference, I informed Petitioner that proceeding *pro se* is possible, but challenging due to the complex underpinnings of cases in the Vaccine Program. I explained the standard for vaccine claims set forth in *Althen v. Secretary of Health and Human Services* and informed Petitioner that vaccine claims most often involve support from an expert, either in the form of a written report or testimony, and that an attorney can be helpful in locating and retaining an expert. I further advised Petitioner that she still needed to pay the filing fee. I extended her deadline to do so to November 16, 2022. ECF No. 16. I also ordered her to file a status report updating the Court on her efforts to find an attorney by December 2, 2022.

When Petitioner failed to pay the filing fee by November 16, 2022, as directed, my law clerk contacted her via email on November 21, 2022. Petitioner did not respond to this email. I then ordered Petitioner to pay the filing fee by December 2, 2022, and informed her that if she did not do so, an order to show cause as to why her case should not be dismissed for failure to follow court orders would issue. ECF No. 17. Petitioner did not pay the filing fee, file a status report, or communicate with chambers in any manner.

On December 5, 2022, I issued an Order to Show Cause in which I ordered Petitioner to show cause by January 5, 2023 as to why this case should not be dismissed pursuant to Vaccine Rule 21(b) for failure to comply with prior orders in this action. ECF No. 18. I informed Petitioner

2

that her failure to file a response to the Order to Show Cause would be interpreted as a failure to prosecute her claim, and that the petition would be dismissed. *Id.* Petitioner did not file a response to the Order to Show Cause, nor did she pay the filing fee or communicate with chambers in any manner.

## II.     Conclusion

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court." It is Petitioner's obligation to follow court orders. Failure to follow court orders, as well as failure to file status reports or other required documents, can result in dismissal of Petitioner's claim. *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), 991 F.2d 810 (Fed. Cir. 1993) *aff'd per curiam without opin.; Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner has ignored multiple orders to pay the filing fee and has not communicated with chambers since our status conference on November 2, 2022.

ACCORDINGLY, **IT IS ORDERED THAT**,

The petition is hereby **DISMISSED** for failure to follow court orders and failure to prosecute. The Clerk shall enter judgment accordingly.

A copy of this Decision shall be sent to Petitioner via U.S. Mail.

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master